UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23738-CIV-GAYLES/OTAZO-REYES

OSVALDO GONZALEZ,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Osvaldo Gonzalez's ("Plaintiff") Motion for Entitlement to Attorney's Fees and Costs (hereafter, "Motion for Entitlement") [D.E. 42]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 45]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Entitlement be GRANTED.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 20, 2018, Plaintiff commenced this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. See Complaint [D.E. 1-2 at 6-9]. Plaintiff alleged in his Complaint that:

- ➤ He entered into an agreement with Defendant Scottsdale Insurance Company ("Defendant") to provide him with dwelling insurance coverage for his residence (hereafter, "Residence") under Policy # DFS1202696 (hereafter, "Policy") in exchange for his payment of premiums.

- On or about September 10, 2017, while the Policy was in effect, the Residence sustained significant wind and water damage caused by Hurricane Irma (hereafter, "Loss").
- Plaintiff presented a claim to Defendant for the Loss pursuant to the Policy's terms and provisions (hereafter, "Claim").
- Defendant breached the terms of the Policy by refusing to cover, adjust, and issue payment for the Loss.

See Complaint [D.E. 1-2 ¶¶ 6–10, 13]. Based on those allegations, Plaintiff asserted a breach of contract claim against Defendant. Id. at 7–9. In his prayer for relief, Claimant requested, *inter alia*, an award of attorney's fees and costs pursuant to Fla. Stat. § 627.428 for the "necessity of this action." Id. at 9.[1]

Prior to filing the Complaint, on February 13, 2018 and April 4, 2018, Plaintiff's counsel sent Defendant correspondence (hereafter, "Pre-suit Correspondence") attaching: (1) Plaintiff's Sworn Statement in Proof of Loss identifying the amount of the Loss as $98,450.44 and the total amount of the Claim as $93,320.44, reflecting the Policy's $5,130.00 deductible; and (2) Plaintiff's Loss estimate (hereafter, "Estimate") delineating the value of each item comprising the Claim; and requesting that Defendant "adjust [the] [C]laim according to the [Estimate] and tender the remaining benefits under Coverage A [of the Policy] within the next two weeks." See Defendant's

---

[1] Fla. Stat. § 627.428(1) provides, in pertinent part:

> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Id.

Notice of Filing [D.E. 5]; Exs. A–C to Defendant's Notice of Filing [D.E. 5-1–5-3].

On April 27, 2018, after investigating the Claim and reaching its own determination that the value of the Loss was $7,905.04, Defendant issued Plaintiff a payment in the amount of $2,479.72 for the Claim. See Plaintiff's Motion for Remand to State Court [D.E. 6 at 2]; Exs. A & B to Plaintiff's Motion to Remand to State Court [D.E. 6-1–6-2].

On September 12, 2018, the case was removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 [D.E. 1].

On September 19, 2018, Defendant filed its Answer, Affirmative Defenses, Motion to Strike, and Demand for Jury Trial [D.E. 7]. Therein, Defendant argued that Plaintiff's request for attorney's fees should be stricken because Defendant "is a surplus lines insurer pursuant to the Surplus Lines Law found at [Fla. Stat.] § 626.913" and Fla. Stat. § 627.428 did not apply to Defendant. Id. at 3–4.

On September 21, 2018, Plaintiff acknowledged that his "original Complaint for this matter admittedly contains a potential error - it provides an incorrect statute number as a basis for entitlement for attorney's fees" and stipulated that "attorney fee entitlement would be governed by Fla. Stat. 626.9373 and not Fla. Stat. § 627.428." See Response to Defendant's Motion to Strike [D.E. 8 at 1–2]. [2]

---

[2] Fla. Stat. § 626.9373 provides:

> (1)  Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer on or after the effective date of this act, the trial court . . . shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded.
> (2)  If awarded, attorney's fees or compensation shall be included in the judgment or decree rendered in the case.

Id.

On January 14, 2019, Defendant's counsel sent correspondence to Plaintiff's counsel advising of Defendant's intent to invoke the Policy's appraisal provision [D.E. 39-7]. Contemporaneously, Defendant filed its Motion to Compel Appraisal and Motion to Stay Litigation Pending Completion of Appraisal (hereafter, "Motion to Compel Appraisal and to Stay"), seeking to stay this action and to submit the parties' dispute over the amount of the Loss to appraisal pursuant to the Policy's appraisal provision. See Motion to Compel Appraisal and to Stay [D.E. 16 at 1–3, 5].

On March 27, 2019, the Court granted Defendant's Motion to Compel Appraisal and to Stay and stayed this action pending completion of the appraisal proceedings [D.E. 25].

On August 6, 2019, the actual value of the Loss was determined to be $55,868.25 and an appraisal award (hereafter, "Appraisal Award") was issued in that amount. See Plaintiff's Motion to Lift Stay and Reopen Case After Appraisal Award [D.E. 26, 26-1].

On September 24, 2019, Plaintiff notified the Court that he had received a check from Defendant satisfying the Appraisal Award [D.E 40].

On October 7, 2019, Plaintiff filed his Motion for Entitlement requesting that the Court find that he is entitled to attorney's fees and costs pursuant to Fla. Stat. § 626.9373. See Motion for Entitlement [D.E. 42 at 4].

On October 18, 2018, Defendant filed its Response to Plaintiff's Motion for Entitlement (hereafter, "Response") [D.E. 43]. Therein, Defendant argued that Plaintiff is not entitled to an award of attorney's fees and costs pursuant to Fla. Stat. § 626.9373 because: (1) Plaintiff did not file an amended complaint requesting an award of attorney's fees and costs pursuant to Fla. Stat. § 626.9373; and (2) Florida's confession of judgment doctrine does not apply. See Response [D.E. 43]; Defendant's Combined Response to Plaintiff's Motion to Confirm Appraisal Award, Enter

Partial Final Judgment, Attorney's Fees, and Cross-Motion to Dismiss, With Prejudice (hereafter, "Combined Response") [D.E. 37 at 6–7].

On October 22, 2019, the Court lifted the stay [D.E. 45]. Also, on October 22, 2019, Plaintiff filed his Amended Complaint requesting an award of attorney's fees and costs "for the necessity of this action" pursuant to Fla. Stat. § 626.9373. See Amended Complaint [D.E. 46].

## DISCUSSION

**I.  Whether Plaintiff's failure to file an earlier amended complaint bars entitlement to an award of attorney's fees and costs pursuant to Fla. Stat. § 626.9373.**

In Life Changing Ministries, Inc. v. Canopius US Ins., Inc., No. 15-CV-59, 2016 WL 6947341, at *4 (M.D. Fla. 2016), the defendant, a surplus lines insurance carrier, argued that the plaintiff was not entitled to attorneys' fees because the plaintiff pled entitlement to attorneys' fees under Fla. Stat. § 627.428 instead of the correct statute, Fla. Stat. § 626.9373. Id. at *1,*3. The Life Changing Ministries, Inc. court explained that "federal procedural law—not Florida substantive law—governs the pleading requirements of claims for attorneys' fees" and that under federal procedural law "a party—even one in a diversity case . . . need not plead an entitlement to attorneys' fees in order to recover them." Id. at *4 (citing Hilson v. GEICO Gen. Ins. Co., No. 11–CV–13, 2016 WL 3211474, at *2 (M.D. Fla. 2016); Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268, 1270 (11th Cir. 2000); Inland Dredging Co. v. Panama City Port Auth., 406 F. Supp. 2d 1277, 1280 (N.D. Fla. 2005) ("The controlling law in this circuit is that, under Rule 54(c), a party may recover attorney's fees without including in its pleadings a specific demand therefor.")).[3] Accordingly, that court held that the plaintiff's "failure to plead the correct statutory basis for attorneys' fees [did] not bar . . . its ability to recover fees" because the plaintiff "would

---

[3] Rule 54(c) of the Federal Rules of Civil Procedure provides that "Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Id.

5

have been entitled to recover attorneys' fees under section 626.9373 regardless of whether the statute was referenced in the pleadings." Life Changing Ministries, Inc., 2016 WL 6947341, at *4.

Like the plaintiff in Life Changing Ministries, Inc., Plaintiff would be entitled to recover attorney's fees pursuant to Fla. Stat. § 626.9373 regardless of whether that statute was referenced in his pleadings. Therefore, the undersigned concludes that Plaintiff is not barred from seeking attorney's fees and costs pursuant to that statute due to his failure to reference it in his original Complaint. Id.; see also Allstate Fire & Cas. Co. v. Ho, No. 11-CV-60724, 2013 WL 12086659, at *2 (S.D. Fla. 2013) ("By contrast, the federal pleading rules unambiguously allow all forms of relief to be awarded, even if not expressly demanded in a party's pleadings.") (citing Fed. R. Civ. P. 54(c)).

## II. Whether Florida's confession of judgment doctrine applies in this case.

Generally, payment of an appraisal award after suit has been filed constitutes a confession of judgment. See Second Gulfstream Garden Condo., Inc. v. QBE Ins. Corp., No. 06-CV-61896, 2009 WL 10669114, at *1 (S.D. Fla. 2009) (citing Jerkins v. USF & G Specialty Ins. Co., 982 So.2d 15, 17 (Fla. 5th DCA 2008); State Farm Florida Ins. Co. v. Lorenzo, 969 So. 2d 393, 398 (Fla. 5th DCA 2007)). "[T]he law is clear that if Plaintiff was compelled to sue because the insurance company wrongfully caused it to resort to litigation, fees must be awarded if the policy is paid after suit." Tristar Lodging, Inc. v. Arch Speciality Ins. Co., 434 F. Supp. 2d 1286, 1295 (M.D. Fla. 2006). However, "[c]ourts have recognized that confirmation of an appraisal award and an award of attorneys' fees are not appropriate if the insurer was taking steps to resolve the dispute without court intervention." J.P.F.D. Inv. Corp. v. United Specialty Ins. Co., 322 F. Supp. 3d 1263, 1270 (M.D. Fla. 2018) (citing Progressive Express Ins. Co. v. Weitz, 218 F. App'x 846,

6

847 (11th Cir. 2007)); see also Bryant v. GeoVera Specialty Ins. Co., 271 So. 3d 1013, 1019 (Fla. 4th DCA 2019) ("The confession-of-judgment doctrine is limited to situations where the filing of the lawsuit 'acted as a necessary catalyst to resolve the dispute and force the insurer to satisfy its obligations under the insurance contract.'") (quoting State Farm Fla. Ins. Co. v. Lime Bay Condo., Inc., 187 So. 3d 932, 935 (Fla. 4th DCA 2016)).

Ultimately, "[t]he purpose of the confession of judgment rule 'is to discourage insurers from contesting valid claims and to reimburse successful policy holders forced to sue to enforce their policies.'" Zurich Am. Ins. Co. v. Sunshine Freight Carriers, Inc., No. 15-CV-83, 2016 WL 385798, at *4 (M.D. Fla. Jan. 20, 2016) (quoting Canal Ins. Co. v. SP Transp., Inc., 272 F. App'x 825, 828 (11th Cir. 2008)).

Defendant argues that Plaintiff is not entitled to attorney's fees and costs pursuant to Fla. Stat. § 626.9373 because its payment of the Appraisal Award did not constitute a confession of judgment. Specifically, Defendant argues that it "acted in accordance with the terms of the applicable Policy in this case, and will pay the [A]ppraisal [A]ward in satisfaction of its obligations under the Policy" and that "[t]his dispute has been resolved by way of the appraisal process." See Combined Response [D.E. 37 at 6–7]. However, the facts in this case do not support Defendant's contention. Plaintiff's Pre-Suit Correspondence assessed the amount of the Loss as $98,450.44 and the total amount of the Claim as $93,320.44. Defendant, in turn, valued the Loss at $7,905.04 and paid $2,479.72 for the Claim. Thereafter, Plaintiff commenced this action. Therefore, it cannot be said that Defendant took steps to resolve the dispute without court intervention. Moreover, Defendant did not invoke the Policy's appraisal provision until January 14, 2019, well after Plaintiff had commenced this action. Finally, the Appraisal Award in the amount of $55,868.25 valued the Loss at a significantly higher figure than Defendant's initial valuation.

Given the foregoing, Defendant cannot avoid the application of the confession of judgment doctrine in this case because it is clear that Plaintiff's filing of this action "acted as a necessary catalyst to resolve the dispute and force [Defendant] to satisfy its obligations under the [Policy]." Lime Bay Condo., Inc., 187 So. 3d at 935; see also Gibson v. Walker, 380 So. 2d 531, 533 (Fla. 5th DCA 1980) ("[T]he statutory obligation for attorney's fees cannot be avoided simply by paying the policy proceeds after suit is filed but before a judgment is actually entered because to so construe the statute would do violence to its purpose, which is to discourage litigation and encourage prompt disposition of valid insurance claims without litigation."); Bryant v. GeoVera Specialty Ins. Co., 271 So. 3d 1013, 1019 (Fla. 4th DCA 2019) ("An attorney's fees award is also appropriate 'where, following some dispute as to the amount owed by the insurer, the insured files suit and, *thereafter*, the insurer invokes its right to an appraisal and, as a consequence of the appraisal, the insured recovers substantial additional sums.'") (emphasis in original) (quoting Lewis v. Universal Prop. & Cas. Ins. Co., 13 So. 3d 1079, 1081 (Fla. 4th DCA 2009)); First Floridian Auto & Home Ins. Co. v. Myrick, 969 So. 2d 1121, 1124 (Fla. 2d DCA 2007) (noting that the insurer did not invoke the appraisal process until several months after the insured commenced the litigation process in finding that the insured was entitled to an award of attorney's fees and costs).

"In diversity cases such as this one, a party's right to attorney's fees is determined by state law." Scottsdale Ins. Co. v. Klub Kutter's Bar & Lounge, LLC, No. 17-CV-61321, 2018 WL 3730887, at *2 (S.D. Fla. 2018) (citing Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc., 270 F. App'x 962, 963 (11th Cir. 2008)). As previously noted, Fla. Stat. § 626.9373(1) provides that, upon rendition of a judgment, a prevailing insured against a surplus lines insurer is entitled to "a reasonable sum as fees or compensation for the insured's . . . attorney prosecuting the lawsuit

8

for which recovery is awarded." Id.  Therefore, the undersigned finds that Defendant's payment of the Appraisal Award entitles Plaintiff to an award of his reasonable attorney's fees and costs incurred in the prosecution of this action, pursuant Fla. Stat. § 626.9373.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Plaintiff's Motion for Entitlement [D.E. 42] be GRANTED and that Plaintiff be permitted to file his Motion for Attorney's Fees and Costs, in compliance with Local Rule 7.3 of the Southern District of Florida's Local Rules and Rule 54 of the Federal Rules of Civil Procedure, once final judgment has been entered on the Appraisal Award.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 6th day of January, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
    Counsel of Record

9